USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Laura Honsaker,

              Plaintiff,

    –v–

The City of New York, *et al.*,

             Defendants.

16-cv-3217 (AJN)

OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

    Plaintiff brings this action under 42 U.S.C. § 1983.  Defendants have moved to dismiss for failure to prosecute.  For the reasons that follow, Defendants' motion is GRANTED.

## I.    BACKGROUND

    In April 2016, Plaintiff Laura Honsaker brought this case against the City of New York, New York City Police Department officers, and Department of Corrections staff for violating her rights under the First, Fourth, Eighth, and Fourteenth Amendments.  *See* Complaint, Dkt. No. 1., ¶¶ 1, 3, 10–20.  Briefly, Plaintiff alleged that she was wrongly arrested by the NYPD and subject to mistreatment while in custody at Riker's Island, such as being confined in unsanitary conditions and receiving deficient medical treatment while pregnant.  *Id.* ¶¶ 21–48.  The state charges against her were eventually dismissed.  *Id.* ¶ 41.  Plaintiff brought suit under 42 U.S.C. § 1983 for violations of the federal Constitution and for various state-law torts, such as intentional infliction of emotional distress.  *See id*. ¶¶ 49–189.  For their part, Defendants maintain that Plaintiff was arrested on probable cause of committing serious crimes such as

1

kidnapping and possessing large quantities of a controlled substance and was not mistreated at Riker's Island.  *See* Dkt. No. 78.

After the Court entered a case management plan, Dkt. No. 37, the parties completed fact discovery.  The Court held a status conference on August 15, 2018, after which the Court gave the parties ninety days to complete expert discovery and set a summary-judgment briefing schedule.  Dkt. No. 55.  As expert discovery was underway, Plaintiff's lead counsel, Ellie Silverman, informed the Court by letter that the law firm at which she was working, Novo Law Firm, was suspended from practice due to the interim suspension of its sole principal, Ilya Novofastovsky, by the New York Appellate Division.  Dkt. No. 59.  Silverman requested a 60-day adjournment of all deadlines in the case to provide Plaintiff the opportunity to obtain new counsel or decide to proceed *pro se*.  *Id.*  On September 27, the Court granted the requested adjournment, but cautioned Plaintiff that failure to abide by the deadline set by the Court could result in dismissal of the action for failure to prosecute.  Dkt. No. 60.  The Court ordered Plaintiff's counsel to serve its September 27 Order on Plaintiff and to file an affirmation of service on the docket.  Dkt. No. 60.

However, no affirmation of service was filed.  Instead, on November 27, 2018, Silverman filed a letter with the Court representing that she had resigned from the Novo Law Firm and had forwarded the Court's September 27 Order to Novo Law Firm, with instructions that the Order be sent to Plaintiff.  Dkt. No. 62.  After this, Silverman followed up several times with Novo Law Firm.  Dkt. No. 62.  Finally, Silverman represented that she had called the numbers she had for Plaintiff and emailed Plaintiff at the email address she had on file.  Dkt. No. 62.  In light of Silverman's letter, on December 28, 2019, the Court granted Plaintiff another 60 days to obtain new counsel or proceed *pro se*.  Dkt. No. 63.  The Court ordered that Silverman serve the

2

December 28 Order on Novo Law Firm and that Novo Law Firm serve the Order on Plaintiff. Dkt. No. 63.  Silverman filed an affidavit of service on Novo Law Firm on January 4, 2019.  Dkt. No. 64.  On January 9, 2019, Hinshaw & Culbertson LLP, acting on Novo Law Firm's behalf as ethics counsel relating to the suspension, filed an affidavit of service by mail on Plaintiff at her last known address.  Dkt. No. 66.

The Court however did not hear anything from the Plaintiff.  On April 9, 2019, the Court gave Plaintiff an additional month to "either obtain new counsel or indicate to the Court that she wishes to proceed *pro se*."  Dkt. No. 67 at 2.  The Court mailed a copy of the order to Plaintiff's last known address, ordered Novo Law Firm to "make a good faith effort to reach Plaintiff using all of the contact information it has on file," and ordered counsel to detail the steps it had taken and file affirmations of service.  *Id.*  The Court expressly warned Plaintiff that failure to comply with the Court's order could "result in dismissal for failure to prosecute."  *Id.*

Several months later—after the Court repeatedly ordered Novo Law Firm and its ethics counsel to comply with its orders, eventually at the threat of sanction, Dkt. Nos. 70, 74—counsel for Novo Law Firm filed a letter representing that Novofastovsky had recently been in contact with Plaintiff.  Dkt. No. 75 at 2.  Plaintiff advised Novofastovsky that she had "moved to a different state and ha[d] no permanent address."  *Id.*  Counsel further represented that Plaintiff informed Novofastovsky that she intends to retain counsel from a new law firm, Conde & Glaser, to pursue this matter and to appear on her behalf.  *Id.*  In light of this, counsel, on behalf of Plaintiff, requested thirty days to allow Plaintiff to retain counsel and file an appearance.  *Id.*

On August 7, 2019, the Court granted "Plaintiff one month from the date of this Order to either obtain new counsel or indicate to the Court that she wishes to proceed *pro se*."  Dkt. No. 76 at 2.  The Court noted that although the delay in this case was "triggered by Mr.

3

Novofastovsky's suspension, Plaintiff [was] also partly responsible insofar as she moved out of state without, it appears, providing an easy way for her former counsel to contact her." *Id.* at 1–2. The Court warned Plaintiff that "No further extensions will be granted. In light of [the] lengthy delays in the prosecution of this matter and Plaintiff's partial responsibility for these delays, failure to meet this deadline will result in dismissal for failure to prosecute." *Id.* at 2. The Court further ordered Novo Law Firm or that firm's ethics counsel to serve Plaintiff and file an affirmation of service. *Id.* And like all of these orders, the Court mailed a copy of the August 7, 2019 Order to Plaintiff. *Id.* Novofastovsky filed an affidavit of service, indicating that he had served Plaintiff with the Court's order. Dkt. No. 77.

Plaintiff took no further action in this case. She did not submit a letter indicating that she wished to proceed *pro se*. She presumably never retained new counsel, as no other attorney or firm has noticed an appearance on her behalf or otherwise communicated with the Court. And she did not submit any request for an extension to comply with the Court's August 7 order. In short, she took no steps to further prosecute this case.

On September 18, 2019, Defendants moved to dismiss this case for failure to prosecute. Dkt. No. 78. Defendants' motion is now before the Court.

## II.     DEFENDANTS' MOTION IS GRANTED

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). When considering a Rule 41(b) dismissal, the district court weighs five factors: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the

proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard[;] and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Applying the five factors set forth in *Baptiste*, the Court concludes that dismissal under Rule 41(b) for failure to prosecute is warranted. To begin, Plaintiff has delayed this case for about one year. In September 2018, Silverman first notified the Court about Novofastovsky's suspension. Dkt. No. 59. Almost two years have passed since that letter, and despite the Court's multiple orders advising Plaintiff to either find new counsel or proceed *pro se* and that failure to do so could result in dismissal, Plaintiff took no action. Next, Plaintiff was clearly on notice that this case may be dismissed for failure to prosecute. In *four* orders, over the course of *eleven months*, the Court repeatedly made clear to Plaintiff that failure to pursue this litigation could result in dismissal for failure to prosecute. *See* Dkt. Nos. 61, 63, 67, 76. The Court's final order, on August 7, 2019, warned Plaintiff that there would be no further extensions of this deadline and that dismissal would result if she failed to comply. Dkt. No. 76. Moreover, Novofasovsky and his ethics counsel have each represented that they have informed Plaintiff of these deadlines and the consequences of not complying, and have filed affidavits of service to this effect. *See, e.g.*, Dkt. No. 77. It has now been about one year since the Court issued its August 7, 2019 Order, yet Plaintiff has failed to comply with the Court's final deadline—no attorney has made an appearance on her behalf, and she has done nothing to indicate that she wishes to proceed *pro se*.

Next, some prejudice has been occasioned to Defendants by this significant delay, and denial of this motion would place them in the peculiar position of defending this action without

5

Plaintiff's participation. *See Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (noting that prejudice may be presumed where delay is unreasonable). Under the fourth factor, this Court endeavors to resolve actions pending before it as quickly as possible and, consistent with the Civil Justice Reform Act, to move cases along efficiently. The Court has provided Plaintiff with multiple opportunities to be heard, but Plaintiff has not so much as communicated with this Court since September 2018. As other courts have noted, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Holcombe v. Skupien*, No. 14-cv-1448 (PAC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014) (quoting *Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

Finally, the usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). However, "because the sanction of dismissal with prejudice 'has harsh consequences,'" the Second Circuit has "instructed that 'it should be used only in extreme situations.'" *Baptiste*, 768 F.3d at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

The Court is unaware of how a lesser sanction than dismissal would prompt Plaintiff to comply with the Court's Orders given that Plaintiff has not responded to the Court's Orders or otherwise communicated an intention to participate in this case for more than two years—even after the Court provided repeated, express warnings that she faced dismissal if he did not respond by September 7, 2019. *See Melendez v. City of New York*, No. 12-cv-9241 (AJN), 2014 WL 6865697, at *3 (S.D.N.Y. Dec. 4, 2014). The Court further concludes that given the

extraordinary delay in this case and the Court's repeated attempts to obtain Plaintiff's participation—including requiring both Plaintiff's counsel and their ethics counsel to reach her in any way possible, and calling and emailing her at any contact information they possessed—and Plaintiff's consistent refusal to participate or prosecute this case, this is an "extreme situation" warranting dismissal with prejudice. *See Baptiste*, 768 F.3d at 217.

### III. CONCLUSION

For the reasons provided above, this case shall be dismissed with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to mail a copy of this Opinion to the *pro se* Plaintiff's last known address, and to note that mailing on the public docket. Additionally, Novo Law Firm and/or Hinshaw & Culbertson are directed to serve this Order on Plaintiff and file an affirmation of service on the public docket within two weeks of that order. Failure to strictly comply with this deadline may result in sanction.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: October 15, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge